IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JELANI KITWANA HOWARD,

    Petitioner,                     No. 2:09-cv-0149 GEB JFM (HC)

    vs.

MATTHEW CATE,[1]

    Respondent.               FINDINGS AND RECOMMENDATIONS

          Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges his 1999 conviction for murder, attempted murder, two counts of battery of a co-habitant, and assault with a deadly weapon.  After several appeals, petitioner was re-sentenced three times, with his last sentence imposed on August 12, 2005 resulting in a total term of 11 years in determinate sentencing plus three consecutive 25 year to life terms.  The jury found true petitioner's use of a firearm in connection with counts one and two.

          On January 15, 2009, petitioner filed a motion to stay and abey the instant action while petitioner returns to state court to exhaust state court remedies.  After receiving extensions of time, on September 23, 2009, respondent filed an opposition to petitioner's motion.

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Usually this officer is the Warden of the prison where petitioner is presently housed.

1

Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>January 15, 2009 Petition</u>

Petitioner raises four claims in his 2009 petition. Petitioner has exhausted his administrative remedies with regard to the following claims: (1) the trial court violated petitioner's right to due process and a fair trial by admitting irrelevant and prejudicial other crimes evidence; (2) the trial court's refusal to sever counts denied petitioner his federal constitutional rights to due process and a fair trial and to a trial by an unbiased jury. Petitioner's unexhausted claims are: (3) Fifth, Sixth and Fourteenth Amendment claim based on the state's failure to disclose, and trial counsel's independent failure to discover and present, evidence which would have impeached the testimony of numerous prosecution witnesses at trial, including Kelly Clark, Sherry Clark, Orlando Johnson and Larry Holliman; and (4) A Fifth, Sixth and Fourteenth Amendment claim based on new evidence establishing the self-defense theory.

II. <u>Petitioner's Application to Stay and Abey</u>

Petitioner seeks a stay of this action pending exhaustion of state remedies as to claims four and five. Specifically, petitioner alleges discovery of new evidence that would establish his self-defense theory and impeach numerous prosecution witnesses. Petitioner's sole explanation for the delay is that petitioner is indigent and was proceeding pro se, and it was not until recently that his family was able to collect funds to hire counsel to investigate these claims.

Respondent opposes the motion, contending that petitioner has failed to show "good cause" for his failure to exhaust the claims in state court before raising them in this action. Respondent points out that the exhausted claims were denied by the California Supreme Court on April 30, 2003, and petitioner only sought to pursue unrelated sentencing claims thereafter. Moreover, respondent argues that petitioner has failed to factually identify the alleged "new evidence" and thus has failed to show these potential claims have merit, or that the California

Supreme Court would not find these claims to be barred as successive and untimely under the statute of limitations.

In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court held that a district court has authority to stay a mixed petition pending exhaustion of unexhausted claims in "limited circumstances," i.e., "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id.</u> at 1535. The Court also held that it would be an abuse of discretion to stay federal habeas corpus proceedings pending exhaustion of a "plainly meritless" claim. <u>Id.</u>

Respondent's arguments are well-taken. Petitioner has failed to provide a factual basis to support his conclusory statements that new evidence has been discovered that might present a meritorious claim. Petitioner has not identified what this new evidence is, nor provided a declaration by petitioner demonstrating why a proposed successive and untimely habeas petition would not be procedurally barred in the California Supreme Court. Petitioner has also not addressed the issue of when petitioner became aware of this new evidence. The newly-proposed claims are unrelated to the exhausted claims. <u>Mayle v. Felix</u>, 545 U.S. 644, 125 S.Ct. 2562 (2005).

Review of the Sacramento Superior Court's website reveals no new habeas petition filings by petitioner since April 1, 2008.[2] Petitioner's last filing in the California Supreme Court was dated July 14, 2008.[3] Petitioner's trial took place in 1999. Although petitioner filed the instant motion in January of 2009, he has taken no steps to attempt to exhaust

/////

---

[2] Sacramento County Superior Court website, <https://services.saccourt.com/indexsearchnew/PersonList.aspx?SearchValues=Howard,Jelani,,0,False,,,> accessed September 24, 2009.

[3] California Appellate Courts Case Information website, <https://services.saccourt.com/indexsearchnew/PersonList.aspx?SearchValues=Howard,Jelani,,0,False,,,>, accessed September 24, 2009.

these new claims in the subsequent eight month period.  This suggests petitioner is stalling the process of federal review.  See Beaty v. Schriro, 554 F.3d 780, 785 & n.3 (9th Cir. 2009).

Accordingly, this court finds that petitioner has failed to satisfy the tests set forth in Rhines.  Petitioner's motion to stay should be denied, and petitioner should be granted leave to file an amended petition raising only exhausted claims.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's January 15, 2009 application to hold the petition in abeyance be denied;

2. Within thirty days from any order of the district court adopting these findings and recommendations, petitioner shall file an amended petition raising only exhausted claims; and

3. Thirty days thereafter, respondent shall inform the court whether he will file an amended answer or will stand on the answer filed August 10, 2009; petitioner's reply shall be filed thirty days thereafter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2009.

UNITED STATES MAGISTRATE JUDGE

001; howa0149.sty